Prichett
v.
Ex'rs of New-
bold et al.

JACOB PRICHETT v. The Executors of DANIEL NEWBOLD, deceased, and others.

The assignee of an insolvent debtor, on general principles, is bound to pay all debts due and owing by the insolvent, up to the time of his making application for a discharge under the insolvent acts.

Upon a bill filed by J. Prichett, who was appointed the assignee of S. Hewlings, an insolvent debtor, upon his discharge under the insolvent act, on the 9th August, 1814, against D. Newbold and two others, to whom the debtor had, on the 17th December, 1811, assigned all his property, in trust, to satisfy claims due to them, and the balance to his own use ; to set aside the former assignment, and for an account: It was referred to a master, to ascertain the sums due the former assignees, respectively, at the date of the first assignment, and the amount come to their hands. The master, among other things, reported, " that at the date of the former assignment, (17th December, 1811,) there was due to D. Newbold, one of the assignees, thirty-nine dollars and twenty-four cents; which report was confirmed, (in October, 1828,) and it was decreed, that the original assignment (to Newbold and others) was fraudulent and void ; that the said assignees pay over the monies by them received, and deliver the books and property in their hands, to the complainant; and that after deducting his expenses in prosecuting the suit, and a compensation for his time, trouble, &c., to be taxed by a master, he make a dividend of the balance among the creditors of the insolvent, agreeably to the statute concerning insolvent debtors. Also, that the original assignees receive a dividend, as creditors, for the amount found due to them, respectively, by the master's report." Upon a further reference, to inquire what sums were due to the creditors who had presented their claims to the complainant, agreeable to the decree, directing that they exhibit the same under oath ; the executors of D. Newbold exhibited a claim against the debtor, under affirmation, which, on the 9th August, 1814, amounted to five hundred and twenty dollars and sixty cents, founded on an order and receipt, dated 25th December, 1811, (eight days after the first assignment,) which was disallowed by the master, on the ground that the amount due to D. Newbold, on which a dividend was to be received, was fixed by the decree, and no other allowance could be made. Upon exception to the master's report,—held, that this claim is not barred by the terms of the decree.

The proper construction of the decree is, that the complainant is to distribute among the creditors according to the provisions of the insolvent act, and in so doing is to take the sums found due to the former assignees, at the date of the first assignment, as the sums actually due, without farther examination, up to that time ; they having been computed up to that time, that computation is to be considered as settled. But as to any claims not previously adjusted, they are to stand in the same situation as other creditors.

July, 1832.

Prichett
v.
Ex'rs of New-
bold et al.

As the terms of the decree do not, *necessarily*, exclude such construction, the court will give it an interpretation which shall consist with equity, and the principles of the statute on which it is founded.

The master, in taxing the allowance to be made to the assignee, for his time, trouble, and the expenses of the suit, included interest on payments necessarily made before any funds came to hand: on exception, the interest was allowed.

On the 17th of December, 1811, Samuel Hewlings executed an assignment of all his estate to Daniel Newbold, Samuel Haines, and Isaac Hewlings, in trust to pay and satisfy the claims of the said assignees against him, and in further trust to pay over the balance, if any, to the use of the said Samuel Hewlings, the assignor. Some time after, Samuel Hewlings became an insolvent debtor, and as such was discharged from confinement under the insolvent laws of the state, and Jacob Prichett, the complainant, was appointed his assignee, in due form of law. In 1816, Prichett filed his bill against the original assignees, for the purpose of setting aside the deed of assignment, and obtaining an account, and possession of the property for distribution. In the term of July, 1820, it was referred to a master, to take an account of the debts due from Samuel Hewlings to Newbold, Haines, and Isaac Hewlings, the original assignees, on or before the 17th day of December, 1811, being the day of the assignment; and of the monies received by them in virtue of the assignment; and also of the monies due to Samuel Hewlings on the day of the assignment, and the amount received by him since that time, as also the amount surrendered when he took the benefit of the insolvent laws.

The master reported, that he found due from Samuel Hewlings, to

| | | |
|---|---|---|
| 1. Daniel Newbold, the sum of | $ | 39 24 |
| 2. Samuel Haines, | - - | 108 26 |
| 3. Isaac Hewlings, | - - | 622 16 |
| | | $ 769 66 |

He reported further, that the assignees had received by virtue of the assignment, two thousand five hundred and sixty dollars and forty-three cents: that the amount due to Samuel Hewlings on the day of the assignment, was three thousand four hundred

July, 1832.

Prichett
v.
Ex'rs of New-
bold et al.

and thirty-nine dollars and seventy-six cents : that the amount received by him after the assignment, was seven hundred and eighteen dollars and ten cents ; and that when he took the benefit of the insolvent laws, he had no property whatever to surrender to his assignee for the benefit of his creditors.

In October, 1828, the report was confirmed, and it was decreed that the original assignment was fraudulent and void ; that the assignees deliver over the said sum of two thousand five hundred and sixty dollars and forty-three cents found to be in their hands, and also the books and other property mentioned in the report, to the complainant ; and that, after deducting the money by him paid and expended in and about the prosecution of the suit, and also a reasonable compensation for his time, trouble, &c., to be taxed by one of the masters, he forthwith proceed to make a dividend of the balance among the creditors of the said Samuel Hewlings, agreeably to the statute concerning insolvent debtors. Also, that the original assignees, respectively, receive a dividend as creditors of the said Samuel Hewlings, for the sums found due to them respectively, by the said master's report, as above stated.

In March, 1830, the complainant came into court by his petition, and representing that great difficulties had arisen in adjusting the accounts and ascertaining the several sums due to the claimants, prayed that it might be referred to a master to inquire and report what sums were really due from the said Samuel Hewlings at the date of the said deed of assignment, to the several persons claiming to be creditors. Upon this it was referred to Abraham Brown, esquire, one of the masters, &c., to inquire and report what sum or sums of money were due to the creditors who had exhibited their claims to the complainant, agreeably to the decree ; and that they exhibit their accounts under oath, &c.

In October, 1831, the master reported his proceedings, and in the report stated, among other things, that John Black, one of the executors, &c. of Daniel Newbold, deceased, in behalf of himself and his co-executor, Thomas Black, exhibited under affirmation a claim against the said Samuel Hewlings, founded upon a receipt and order, bearing date the 25th day of December, 1811, the amount of which, on the 9th of August, 1814, being

April, 1832.

Prichett
v.
Ex'rs of New-
bold et al.

the date of the last assignment, was five hundred and thirty-two dollars and sixty cents; and that he disallowed this claim, on the ground that the amount due to Daniel Newbold, and on which a dividend was to be made, was specifically fixed by the decree of October, 1828, and that no other allowance could be made to him according to the terms of that decree.

This part of the report has been excepted to by the executors of Daniel Newbold, deceased; and it is insisted that the decree has not been properly construed by the master.

*G. D. Wall*, for complainant;

*G. Wood*, for defendants.

THE CHANCELLOR. The object of the suit is to have a just and equitable distribution of the property among the lawful creditors of Samuel Hewlings. The original assignment being out of the way, and the money and effects being collected by the complainant, it only remained to ascertain the mode in which distribution was to be made. The master has calculated the claims and interest up to the 9th of August, 1814, being the date of the last assignment, and I think with propriety. The complainant, as assignee, is, upon general principles, bound to pay all lawful debts due and owing by the insolvent debtor, up to the time of making application for a discharge; and if this principle is to prevail, there can be no doubt that the claim in dispute should be allowed, if just in itself. But the difficulty in this case arises from the terms of the decree of October, 1828. This decree, as we have already seen, directs a dividend among the creditors generally, and specifies the amount found due to the original assignees by the master's report, as the amount on which they are to receive dividends. At first view, the meaning of the decree appears to be that adopted by the master, and such construction would seem to conform best to the words of the decree; and yet I cannot understand why it is so framed, as to bar any claims of the assignees after the 17th of December, 1811, while at the same time the claims of others are allowed up to 1814. I do not find that they have forfeited any rights as general credi-

April, 1832.

Prichett
v.
Ex'rs of New-
bold et al.

tors. At the same time it is to be observed, that on examination of the claims presented and allowed by the master, there are none subsequent to the 17th of December, 1811, the date of the first assignment. It does not appear that any such were presented, and no question has been raised on the subject.

I think the better construction of the decree is this ; that the complainant is to distribute among the creditors according to the provisions of the insolvent act ; and that, in so doing, he is to take the sums found due to Newbold, Haines, and Isaac Hewlings, as the sums actually due without further examination, up to the 17th of December, 1811—they having already been computed up to that time. That computation is to be considered by the complainant as final and settled ; but as to any claims not previously adjusted, they are to stand in the same situation as others. At all events, the terms of the decree do not necessarily exclude such a construction ; and that being the case, I feel bound to give it an interpretation which shall consist with equity, and the principles of the statute upon which this part of the decree is founded. To say that the distribution is to be made agreeably to the statute, and yet to exclude a debt coming within its provisions, without any cause assigned, is a contradiction which the court cannot adopt.

My conclusion, therefore, is, that the claim is not barred by the fair construction of the decree, and, if right in itself, should be allowed and a dividend awarded upon it. It does not appear, however, that the master has examined into the consideration or validity of the claim. He has merely stated it, and, conceiving it to be excluded by the decree, has disallowed it, without any inquiry into the merits.

The exception must be allowed, but the complainant must have an opportunity to investigate the merits of the claim, if he shall desire it.

The second exception relates to the allowance made the assignee by the master.

The order of 1828 directed a taxation of the expenses of the suit, and of the allowance to be made the assignee for trouble, time and expenses. The master has allowed for time, trouble, and expenses, including interest for payments necessarily made

July, 1832.

Prichett
v.
Ex'rs of New-
bold et al.

before any funds came to hand, the sum of nine hundred dollars. According to the calculation of the master, which is made with great care and particularity, the interest on the advancements amounts to three hundred and fifty dollars and ninety-five cents, leaving a balance of five hundred and forty-nine dollars and five cents as a compensation to the complainant for all his trouble, care, and responsibility. This appears to be a large sum ; but when it is considered that this matter has been pending upwards of sixteen years, and that it may not be closed under a year or two more. (distribution among the numerous creditors being not yet made,) I cannot say that it is unreasonable, or that it requires the interference of the court. No complaint has been made of any want of attention or faithfulness in the complainant. If the interests of creditors had been neglected in his hands, the case would be altered materially, and the court would take care not to reward negligence.

The second exception is disallowed.

The third exception relates to the interest allowed upon advances.

This allowance appears to me to be correct, especially when the items are all exhibited, as in this case, and when it is not a mere lumping charge. If interest has been received upon monies in hand, since the property has been collected, it would be right that such interest should be accounted for in the final settlement. That matter was not before the master, and is not necessarily connected with the exception.

The third exception is also disallowed.